**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHEVRON CORP.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   **Civil Action No. RWT-11-1942** |
| | ) |
| **PAGE, et al.** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM OPINION**

Before this Court is Respondents Aaron Marr Page's and Daria Fisher Page's and Defendants Hugo Gerardo Camacho Naranjo's and Javier Piaguaje Payaguaje's Motion for an Order Directing Chevron Corporation to Return or Destroy Privileged Documents (the "Motion"). The Court will refer to Mr. and Ms. Page as "Movants."[1] The Court has reviewed the motions, memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case comes to this Court as a result of a subpoena served by Chevron Corporation ("Chevron") upon Aaron Marr Page and Daria Fisher Page ("Respondents") in connection with a case occurring in the Southern District of New York, *Chevron Corp. v. Aguinda Salazar*, No. 11-CV-0691 (LAK) (S.D.N.Y.). *See* ECF No. 1. On July 15, 2011, Chevron moved to compel Respondents to produce the subpoenaed documents. *Id.* On August 31, 2011, at a hearing with the parties, this Court granted Chevron's motion. *See Chevron Corp. v. Page* ("*Chevron Order I*"), No. 11-cv-1942 (D. Md. Aug. 31, 2011) (ECF No. 24). On September 1, 2011, Respondents

---

[1] Mr. Naranjo and Mr. Payaguaje have not intervened in this case, and thus, cannot move for any relief.

moved to stay the Court's order "to allow both the Pages and the Ecuadorian Plaintiffs to file Objections" to the order. ECF No. 25. The Court denied Respondents' request on the same date. *Chevron Corp. v. Page* ("*Chevron Order II*"), No. 11-cv-1942 (D. Md. Sept. 1, 2011) (ECF No. 28). Consequently, Movants produced the documents in question. Movants' Br. 1.

Thereafter, on September 19, 2011, the Second Circuit stayed the proceedings in the related *Chevron Corp. v. Aguinda Salazar* case in the Southern District of New York. *See Chevron Corp. v. Naranjo*, No. 11-cv-1150 (2d Cir. Sept. 19, 2011) (ECF No. 597). After obtaining notice from the parties of this event, on September 26, 2011, this Court vacated *Chevron Order II*, granted Respondents' motion to stay, stayed "all further proceedings . . . pending further order of this Court," and administratively closed the case until the stay is lifted. *Chevron Corp. v. Page* ("*Chevron Order III*"), No. 11-cv-1942 (D. Md. Sept. 26, 2011) (ECF No. 32). As a result, on October 14, 2011, Movants moved this Court to enter an order requiring Chevron to return or destroy the documents that they produced pursuant to *Chevron Order I*. *See* Movants' Br.

## DISCUSSION

The question before the Court is whether *Chevron Order III* requires Chevron to return the documents that Movants provided to them in accordance with *Chevron Order I*. The Court answers this question in the affirmative.

Typically, a stay requires the parties to maintain the status quo pending any further action by the Court. Here, the Court vacated *Chevron Order II*, which denied Movants' motion to stay *Chevron Order I* and required Movants to provide documents to Chevron. *See Chevron Order II*, *Chevron Order III*. Thus, had Movants not already produced the documents in question,

*Chevron Order III* would have required them to refrain from producing those documents to Chevron.

Movants, however, provided these documents to Chevron *before* the stay was entered. Movants' Br. 1.[2]  Chevron cannot continue to use and possess those documents pursuant to *Chevron Order III*.  The stay requires the Court to place the parties back to the status quo as of *Chevron Order I*.  The result is similar to that sought by an appeal court when it determines that a lower court should not have ordered production of privileged documents – to place the parties where they were before the order was issued.  *See, e.g.*, *Church of Scientology of California v. United States*, 506 U.S. 9, 12-13, 13 n.6 (1992) (Supreme Court ruled that if the government entity wrongfully obtained tapes from the party, the lower court could provide relief by requiring the entity to return the tapes or possibly requiring the entity to "refrain from any future use of the information that it has derived from the tapes."); *Reich v. Nat'l Eng'g & Contracting Co.*, 13 F.3d 93, 98 (4th Cir. 1993) (holding that if entities, which have already provided documents to the government, are successful on appeal, the appeals court could order the government to "return or destroy these copies.").

Chevron argues that should be able to retain the documents despite the stay because it possesses copies of some of those documents from other litigation and allegedly should have received these documents from Movants regardless of *Chevron Order I*.  Chevron Br. 13, 14 n.7. If Chevron has obtained copies of the documents in question in other cases or from individuals

---

[2] Movants have also asserted that Chevron has used those documents in other proceedings. Movants' Br. 2-3.  The Court will not determine now whether this use was improper; but, the Court notes that Chevron was not restricted from using the documents pursuant to a protective order of this Court.  Moreover, Movants cannot seek a protective order before they first seek to lift the stay.

other than the Movants, this Court does not restrict Chevron's use of those documents; but reminds Chevron that other stay orders may restrict Chevron's use of those documents.

Chevron also argues that Movants' alleged unclean hands permit Chevron to retain Movants' documents. This argument is misplaced. Chevron may be displeased with Movants' failure to produce the documents in question prior to *Chevron Order I* and may be displeased with Mr. Page's deposition testimony; but those are not the issues before the Court. The Court must solely determine the definition of the status quo enacted by the stay. Given that the stay of production was granted, the Court rules that the status quo precludes Chevron from possessing the documents in question.

## **CONCLUSION**

Based on the foregoing, the Court GRANTS the Motion. Chevron must return the documents produced by Movants pursuant to *Chevron Order I* within seven calendar days. After receiving the documents, Movants must retain those documents in a safe and readily-accessible location should the stay be lifted and the Court order re-production.

December 14, 2011                                                          /s/
                                                                     Charles B. Day
                                                                     United States Magistrate Judge

CBD/MKH